■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER LEE MOORE, JR., Appellant.— REYNOLDS, J. Appeal from an order of the County Court, Chenango County, which denied, without a hearing, appellant's application in the nature of a writ of error *coram nobis*. Appellant's position with respect to uncorroborated testimony of children and coerced confessions is untenable in view of his plea of guilty (*People* v. *Nicholson*, 11 N Y 2d 1067).

For the same reason he is precluded from attacking the indictment (*People ex rel. Newman* v. *McMann*, 29 A D 2d 704). Similarly *coram nobis* is not available to correct any failure to comply with section 472 of the Code of Criminal Procedure (*People* v. *Fink*, 20 A D 2d 935, affd. 15 N Y 2d 679) and the clerk's minutes clearly indicate compliance with section 480 of the Code of Criminal Procedure. Nor do we feel on the instant record that this 1948 judgment of conviction should be upset on the ground that appellant was deprived of his right to counsel because of an alleged inadequacy of the court's advice with respect to his right thereto (*People* v. *Ryder*, 24 A D 2d 808, affd. 17 N Y 2d 880; *People* v. *Fink*, 8 A D 2d 859, cert. den. 361 U. S. 920). It is significant not only that he was expressly advised of his right to counsel and declined the same but also that his father was present in the courtroom with him during the entire proceeding. Additionally it is urged that appellant was improperly sentenced as a felony offender when, since the victim was 10 years old, he could only be convicted of a misdemeanor. We feel that from the entire record and particularly the arraignment where the charge was clearly denominated as a violation of former section 483-b of the Penal Law, appellant was probably, in fact, convicted only of a misdemeanor. However, sufficient confusion exists because the indictment uses the term "carnal abuse of a child", which is the title of the crime prescribed by section 483-a of the former Penal Law and a felony, rather than "carnal abuse of a child of ten years of age and less than sixteen", the title of former section 483-b, the misdemeanor section, and additionally because the commitment talks in terms of a felony rather than a misdemeanor, to require a hearing. If after the hearing, the trial court concludes that a mere ministerial mistake is involved it should, of course, correct its records to reflect the proper facts (see *People* v. *Harrington*, 21 N Y 2d 61). Finally, while the District Attorney should, as he himself admits, have disqualified himself, it is obvious that his failure to do so was due solely to his failure to realize, until it was pointed out in this appeal, that he had previously represented the appellant and such failure created no prejudice which in our opinion would require a reversal of the instant order. Naturally at the hearing required by this reversal, he should disqualify himself. Order reversed, on the law and the facts, and matter remitted to the County Court of Chenango County for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.