■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LOEWINGER, Appellant.— Appeal from a judgment of the County Court of Sullivan County, rendered December 1, 1970, upon a verdict convicting defendant of the crimes of assault in the third degree and prisoner escape. Appellant was observed in his truck in a hotel driveway by two investigators of the New York State Police, Fred Cannock and John Cotter, who possessed a warrant for his arrest for failure to appear in response to a summons for a violation of the Vehicle and Traffic Law. As the truck left the premises, Investigator Cotter blocked it with the police vehicle. Investigator Cannock then approached the truck, informed appellant that he had a warrant for his arrest, and opened

the door. Appellant placed the vehicle in reverse gear and accelerated. The open door struck the officer, dragging him several feet as he attempted to hang on. Appellant was thereafter indicted, charged with the felonies of assault in the second degree and prisoner escape. At the commencement of the trial, appellant was represented by Benjamin Goldstein. On the third day, appellant suddenly-indicated a desire to change attorneys. The trial court permitted Joel M. Proyect and David Cohen to take over the defense. To facilitate matters, the court granted an adjournment but required Goldstein to remain to assist the others. Several days later, Cohen withdrew on the ground that he had overlooked a previous tenuous connection with the case when he had served as an Assistant District Attorney. A further adjournment was granted, and John McBride took over the defense. Appellant now contends that he was prejudiced by these changes of counsel, despite the fact that he played a principal role in bringing them about. His claim that Cohen had a conflict of interest is without foundation. When he first entered the case, Cohen was certain that he had not been involved in the matter while in the prosecutor's office. When a file search later revealed that he may have answered a telephone call relative to the case, he immediately withdrew, although he could not remember the incident. Likewise, we see no conflict of interest resulting in prejudice to appellant because Chief Assistant District Attorney Gellman had once represented appellant on the traffic charge out of which this incident arose. Since Gellman had no connection with the case while in the District Attorney's office, the entire office should not be disqualified. No error was committed by the denial of the mistrial motion made as a result of the untimely death of Investigator Cotter. Following Cotter's direct examination, the defense subjected him to an extensive cross-examination but apparently it was not concluded when court adjourned. Over the weekend Cotter was killed in an automobile accident. While the trial court denied appellant's motion for a mistrial, it offered to strike the testimony of the deceased witness, but this offer was rejected by the defense. We see no prejudice in the denial of the motion since the cross-examination prior to Cotter's death was extensive. Moreover, Cotter's complete testimony at the preliminary examination, both direct and cross-examination, was read to the jury (Code Crim. Pro., § 8, subd. 3, par. [a]). We note that when the court questioned defense counsel as to what portion of Cotter's cross-examination remained unfinished, counsel was unable to set forth any material omission. Appellant's contention that the search made by the officers was illegal, and thus excuses the assault and escape, is likewise without foundation. There can be no question about the validity of the search since it occurred following the incident out of which the instant charges arose. Moreover, Investigator Cannock was justified in opening the truck door in the execution of the arrest warrant, since the truck was mobile. Likewise, the trial court properly refused appellant's request to charge "that there is no statutory authority for the opening of a motor vehicle door by a police officer executing a warrant of arrest issued by a magistrate without first giving notice of his authority and the purpose and being refused admittance thereto". We also reject appellant's contention that the conviction for prisoner escape is inconsistent with his acquittal for assault in the second degree and thus cannot stand. The counts of this indictment charge separate and distinct crimes, and have the same effect as though there were separate indictments. (*People* v. *Delorio*, 33 A D 2d 350.) Nor do we find error in the trial court's charge that "Assault in the third degree is an assault and battery made voluntarily and knowingly" since the jury was thus properly apprised that such assault must be an intentional rather than an accidental act. We have examined the remainder of appellant's contentions and find them to be without merit.

Judgment affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.