Jom>r L. Laskin', J.
This is a motion to (1) remove the previous disqualification of the District Attorney and authorize him to proceed with the prosecution of the indictment; (2) to sever this action from the action pending in the County Court against the other defendants; and (3) to transfer this case, heretofore removed to the Supreme Court, back to the County Court for a separate trial.
The defendant cross-moves to dismiss the indictment on the ground he has been denied a speedy trial.
The facts are gleaned from the papers submitted by both sides and appear to be as follows: On September 29, 1971, defendant and two others were arraigned before a Town Justice of the Town of Bethel on a charge of third degree burglary. All pled not guilty, posted bail and demanded a preliminary hearing. On October 16, 1971, the matter was referred to the Justice’s Court of the Town of Lumberland wherein the alleged crime was committed. While the' case was still pending in the inferior court, the County Court on January 6, 1972, acting on an application by the Chief Assistant District Attorney that the District Attorney had disqualified himself and his staff because of a possible conflict of interest involving the District Attorney and one of the other defendants, appointed a ‘ ‘ Special Assistant District Attorney ’ ’ to handle said matter ‘ ‘ from its inception to its conclusion ”. After adjournments and the retainer of new counsel by the defendant Rupp, the preliminary hearing was finally held on April 12, 1972 and all defendants were held for the Grand Jury. The matter was presented to the Grand Jury on April 23, 1972 and an indictment was returned on June 20, 1972, charging the defendants jointly with the crime of third degree burglary. On the same day, the Supreme Court transferred the case to the County Court pursuant to CPL 230.10. When this defendant was arraigned in County Court on July 7, 1972, he offered no plea but objected to the form of the indictment which bore the District Attorney’s signature. When the defendant appeared again in County Court on July 17,1972, he still entered no plea but moved to transfer his case back to the Supreme Court. By its order of July 20, 1972, the County Court returned the case ‘ ‘ insofar as the same affects the defendant Robert Rupp ” to the Supreme Court. Apparently the defendant has not yet been arraigned in either Superior Court and, until these belated motions, the case has hung in limbo.
. The District Attorney is an elected quasi-judicial officer acting for the State in criminal investigations and prosecutions within *685 his county (N. Y. Const., art. XIII, § 13, subd. [a]; County Law, § 700, subd. 1; Manceri v. City of New York, 12 A D 2d 895, and cases cited therein). Assistant District Attorneys are appointed by the District Attorney to perform such duties as he may direct (County Law, § 702, subd. 2). Whenever the District Attorney is disqualified from acting in a particular case at any term of & court of record, such superior court may appoint an attorney, who is a resident of the county, to act as “ Special District Attorney” during the period of disqualification; but such appointment shall not extend beyond the adjournment of the term at which made (County Law, § 701). Clearly, the statute requires the appointment of a Special District Attorney whenever the incumbent is disqualified from acting in a certain case, and the explicit language thereof cannot be read to support the judicial appointment of a Special Assistant District Attorney. It seems self-evident, therefore, that the County Court lacked the statutory authority to make such an appointment and, accordingly, the first part of the prosecutor’s motion must be granted (see County Law, § 701). Moreover, the District Attorney should not have disqualified his entire staff, since none of his assistants had any connection with the tenuous conflict of interest (People v. Loewinger, 37 A D 2d 675, 676).
CPL 200.40 (subd. 1) provides that the court, upon motion of either party made at any time before trial, may, for good cause shown, order on its discretion that any one defendant be tried separately from his codefendants. The test on such a motion is whether a separate trial will assist or impede the administration of justice and secure to the accused the right of a fair trial (People v. Fisher, 249 N. Y. 419; People v. Snyder, 246 N. Y. 491, 497). Since joint trials may sometimes be prejudicial to at least one defendant, and because defendant does not oppose the idea of a separate trial, this part of the People’s motion is also granted.
This court has the ultimate jurisdiction to return to the County Court for the second time an indictment which the County Court transferred to it when the Supreme Court first sent the indictment to the County Court (People v. De Puy, 115 App. Div. 564, app. dsmd. 187 N. Y. 556; People ex rel. Wright v. Klein, 139 Misc. 353). Since the Supreme Court has assumed little criminal jurisdiction in recent years outside of New York City and has regularly transferred its indictments to the County Courts, long recognized as the primary courts of criminal jurisdiction (outside of New York City), it seems most practical to return this case to the County Court to which it had *686 been initially removed (CPL 230.10; Rules of App. Div., 3d Dept., 22 NYCRR 863.3). Hence, the third part of the People’s motion is granted.
The defendant cross-moves to dismiss the indictment on the ground that he has been deprived of his right to a speedy trial. Such a motion is addressed to the court’s discretion (see People v. Wallace, 26 N Y 2d 371, 374), and the question of delay is a factual one with no absolute test (People v. Prosser, 309 N. Y. 353, 359). Here, because defendant has played a principal role in delaying the prompt prosecution of the indictment, his dilatory tactics can hardly be reconciled with his claim of prejudice. His hypertechnical objection to the signature on the indictment, for instance, has only served to actually postpone his personal arraignment. Moreover, that objection is not well taken. The signature of the District Attorney is no part of the indictment itself and the provision for such signature is not mandatory but merely directory, involving as it does a clerical act (CPL 200.50). The signature is simply evidence that the District Attorney is prosecuting an offense in compliance with his statutory duty (People v. Lester, 267 App. Div. 537; People v. Foster, 60 Misc. 3). Further, obstructive conduct, which is even more negative than passive conduct, should be sufficient to spell out a waiver of a defendant’s right to a speedy trial (cf. People v. White, 2 N Y 2d 220, 224; People v. Godwin, 2 A D 2d 846, affd. 2 N Y 2d 891). Therefore, in the exercise of judicial discretion, the cross motion is denied.
The.motion to remove the District Attorney’s disqualification, to sever the cause and to return the same to the County Court for a separate trial is ¡granted. The defendant’s cross motion to dismiss the indictment is denied.