In the Matter of BOARD OF SUPERVISORS OF MONTGOMERY COUNTY, Petitioner, v ARTHUR C. AULISI, as a Justice of the Supreme Court, et al., Respondents.

Third Department, June 22, 1978

## APPEARANCES OF COUNSEL

*William E. Moore, County Attorney,* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert D. McDougall* and *Ruth Kessler Toch* of counsel), for Arthur C. Aulisi, respondent.

*Charles E. Hardies, Jr., District Attorney,* respondent *pro se.*

*Richard T. Horigan,* respondent *pro se.*

## OPINION OF THE COURT

KANE, J.

In December of 1977, following an investigation, the Temporary State Commission of Investigation issued a report alleging that illegal gambling activity was widespread in the City of Amsterdam and County of Montgomery. Among other items, the commission was highly critical of the incumbent Montgomery County District Attorney, respondent Charles E. Hardies, Jr., who, along with one of his two assistants, had testified before it. Specifically, the commissioner's report maintained that his office had undertaken no productive investigation of gambling activities within the county during a five-year period, despite open and pervasive indications of illegal conduct in that regard, and concluded that "he is plainly not competent to perform the task at hand * * * [and] * * * should step aside." Hardies thereafter made application to the respondent Arthur C. Aulisi, a Justice of the Supreme Court, Fourth Judicial District, for the appointment of a Special District Attorney to conduct an investigation of gambling and official corruption in the City of Amsterdam on the ground that he and his entire staff were and should be disqualified from handling such a matter in light of the commission's report. The application was founded on section 701 of the County Law which provides that: "[w]henever the district attorney of any county and his assistant, if he has one, shall not be in attendance at a term of any court of record, which he is by law required to attend, or is disqualified from acting in a particular case to discharge his duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order appoint some attorney at law having an office in or residing in the county, to act as special district attorney during the absence, inability or disqualifica-

tion of the district attorney and his assistant; but such appointment shall not be made for a period beyond the adjournment of the term at which made. Where, however, an appointment is required under this section for a particular case because of the disqualification of the district attorney, the appointment may be made for all purposes, including disposition. The special district attorney so appointed shall possess the powers and discharge the duties of the district attorney during the period for which he shall be appointed. The board of supervisors of the county shall pay the necessary disbursements of, and a reasonable compensation for, the services of the person so appointed and acting, as certified by the presiding judge or justice. The provisions of this section shall also apply to a county wholly contained within a city." After a hearing at which Hardies explained his position, the application was granted and, by order dated and entered March 3, 1978, the respondent Richard T. Horigan was appointed Special District Attorney to conduct an investigation of gambling and official corruption within the City of Amsterdam.

Petitioner, the Montgomery County Board of Supervisors, is obligated to pay Horigan for his services and contests the validity of his appointment. By order to show cause dated May 10, 1978, it commenced the instant proceeding in this court, in the nature of prohibition (CPLR art 78; see CPLR 506, subd [b], par 1), to restrain implementation of the order made by Mr. Justice Aulisi. In our opinion, the petition should be granted.

A prohibition proceeding involves a single narrow issue concerning the scope of authority. Here it is whether section 701 of the County Law empowered a Supreme Court Justice to appoint a Special District Attorney under the circumstances presented. Although the parties argue about the propriety of appointing a Special District Attorney when no "particular case" is then pending, and dwell on cases commenting on when disqualification of the elected prosecutor is called for, their opposing viewpoints miss the central thrust of this proceeding which must be restricted to consideration of the statute's reach. Those subsidiary questions might have an impact on the outcome of a given criminal prosecution (see, e.g., *People v Loewinger,* 37 AD2d 675, 676; *People v Moore,* 30 AD2d 720; *People v Krstovich,* 72 Misc 2d 90), but they have little direct bearing on the applicability of the quoted

statute to the situation at bar and that, as we perceive it, is the sole issue before us.

While court designation of a special prosecutor in limited instances has been sanctioned for over 150 years, judicial opinions interpreting such provisions are scarce and have usually concentrated on disqualifications stemming from some relationship between the prosecuting official and one accused of criminal conduct (*Matter of Kelley,* 83 Misc 2d 776; *People v Schrager,* 74 Misc 2d 833; cf. *People v Rupp,* 75 Misc 2d 683 [no authorization under statute to appoint a Special *Assistant* District Attorney]). Only one appellate level decision in which the lawfulness of a Special District Attorney's appointment was at stake has been called to our attention, but it arose on an appeal from a judgment of conviction; the court was divided on what statute was controlling, and the designation had been made on account of the District Attorney's conceded illness (*People v Lytle,* 7 App Div 553). Nevertheless, that case does supply a useful review of the various statutes in effect up to 1896 and serves to illuminate the legislative intent in providing for the appointment of Special District Attorneys.

Until it was amended in 1974 (L 1974, ch 456), section 701 of the County Law and its predecessors had uniformly limited the duration of a special prosecutor's appointment to the sitting or term of the court for which the absence or inability of the elected District Attorney made that designation necessary (L 1824, ch 254; L 1847, ch 470; L 1883, ch 123). Although the 1974 amendment eased that limitation to a degree when the appointment was occasioned by the disqualification of a District Attorney in a particular case, it is readily apparent that the designation was deliberately tied to the length of the court term as a reflection of the legislative purpose to allow for the *temporary* replacement of a District Attorney so as to "prevent a failure of justice" during a brief interval (*People v Lytle,* 7 App Div 553, 573, *supra* [dissenting opn]). The latest amendment obviously anticipated that a disqualification might extend over several terms of court, yet the history of the provision can only evoke the conclusion that it was generally meant to aid a District Attorney momentarily unable to attend to his office and was not designed to supplant him for any protracted period.

Even though court terms as measures of time have largely lost their original significance, other considerations lend support to this conclusion. While a District Attorney is a constitu-

tional officer elected locally, he may be removed from that office by the Governor for misconduct (NY Const, art XIII, § 13). Moreover, that Attorney-General possesses more than vestigial remains of his common-law power to prosecute criminal offenses (see, e.g., *Matter of Sigety v Hynes,* 38 NY2d 260); in fact, quite pertinent to this proceeding, he may supersede a District Attorney when and as required by the Governor (Executive Law, § 63, subd 2). True, both possibilities are conditioned on action by the Governor, but they serve to demonstrate that section 701 of the County Law was never intended to permit anything other than transitory relief for an incumbent District Attorney who is prevented by illness, disqualification, or other cause, from carrying out the performance of his normal duties.

Turning to the facts of this proceeding, the foregoing analysis makes it clear that section 701 of the County Law does not authorize and did not empower Mr. Justice Aulisi to appoint a Special District Attorney. Assuming that a basis for the disqualification of the District Attorney and his entire staff might eventuate by reason of the commission's report had some individual been charged with violation of the penal laws relating to gambling, none stood so accused when the application for a Special District Attorney was made. The nature of the report is that the District Attorney has been neglectful of his responsibility in one area of criminal law and, thus, is incompetent in the performance of his duties. If this be so, the solution plainly should not entail the appointment of a Special District Attorney by court order through the invocation of a statute never designed to cover that contingency; it must await executive action to remove or supersede the deficient prosecutor. Since the District Attorney himself has asked to be replaced, albeit under a law which does not envision such action, it can scarcely be doubted that the Governor would fail to exercise his discretion under section 63 of the Executive Law upon a similar request. In any case, we simply decide that section 701 of the County Law did not authorize the appointment of a Special District Attorney in this matter.

The petition should be granted, without costs; order entered March 3, 1978 vacated and judgment directed to be entered restraining respondents from taking any action in reliance on said order.

MAHONEY, P. J. (dissenting). The Temporary State Commission of Investigation (SIC) report in December, 1977 charged

that illegal gambling activity was widespread in the City of Amsterdam and County of Montgomery. Further, the report dealt extensively with the alleged inability or reluctance of the police department to halt such activities, and specifically, charged the District Attorney with incompetence, collusion and abuse of his office in failing to undertake any gambling investigation during his five-year term in office despite open, flagrant evidence of illegal gambling within the ambit of his jurisdiction. The District Attorney was called as a witness before the SIC on two occasions, as was his assistant. The report concluded with the observation that the District Attorney should resign. Because of these revelations and the public reaction engendered thereby, the District Attorney applied to a resident Supreme Court Justice to have his office and staff disqualified from presenting the matter to a Grand Jury and to have a Special District Attorney appointed for that purpose. After a hearing the application was granted by order dated March 3, 1978.

The relief prayed for in this proceeding must be denied and the petition dismissed.

Section 701 of the County Law provides for the appointment of a Special District Attorney whenever the District Attorney of any county is disqualified. When an appointment is required and the discharge of the duties by the appointee will require time beyond the adjournment of the term at which the order is made, the appointment may be made for all purposes, including disposition. Inherent in section 701 is the requisite discretion of the trial court to determine if disqualification is warranted (cf. *People v Ferdinando,* 40 AD2d 714). The record made before the Trial Justice in connection with the District Attorney's application clearly supports the Justice's conclusion that the appointment of an interim successor was both prudent and necessary. Without weighing the allegations of the SIC report that the District Attorney had little or no interest in investigating gambling, such an investigation as is now contemplated cannot be headed by a public officer alleged to be sympathetic to the illegalities being investigated without creating an impermissible appearance of partiality. The Trial Justice acted well within his discretion in appointing a Special District Attorney pursuant to section 701 of the County Law, and such action was not foreclosed by the provisions of subdivision 8 of section 63 of the Executive Law. This latter section authorizes the Attorney-General to appoint a

Special Prosecutor when so directed by an executive order of the Governor. However, the issuance of such an order rests solely in the discretion of the Governor, and in the absence of action by the Chief Executive there is no prohibition to proceeding under section 701 of the County Law.

Petition should be dismissed, without costs.

SWEENEY, STALEY, JR., and LARKIN, JJ., concur with KANE, J.; MAHONEY, P. J., dissents and votes to dismiss in a separate opinion.

Petition granted, without costs; order entered March 3, 1978 vacated, and judgment directed to be entered restraining respondents from taking any action in reliance on said order.