■ In the Matter of CHARLES J. WILCOX, as District Attorney of Rensselaer County, Petitioner, v M. ANDREW DWYER, JR., as Judge of the County Court of Rensselaer County, et al., Respondents, and RAYMOND A. KELLY, JR., Intervenor.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) to prohibit implementation of an order of a Judge of the County Court of Rensselaer County. This is a CPLR article 78 proceeding in which the Rensselaer County District Attorney, Charles J. Wilcox, seeks a judgment in the nature of prohibition to restrain enforcement of an order issued on December 21, 1979 by the respondent, Rensselaer County Court Judge, M. Andrew Dwyer, Jr. Among other items, the challenged order partially disqualifies petitioner Wilcox and appoints respondent, E. Stewart Jones, Jr., a Special District Attorney of

Rensselaer County (County Law, § 701) for the limited purpose of questioning one Becky Ann Redcross as a witness before a Rensselaer County Grand Jury. It also appoints Thomas V. Kenney, Jr., to represent Redcross in connection with her appearance before that body, thereby replacing her own attorney, Raymond A. Kelly, Jr. Petitioner does not attack the validity of that portion of the order, but Kelly has moved to intervene in this proceeding and urges that the order be upheld in its entirety or, if the appointment of Jones is vacated, that it be completely vacated. In our opinion, since Kelly obviously has an interest in this proceeding, his motion to intervene should be granted (CPLR 7802, subd [d]). From the papers submitted, it appears that the present controversy is an outgrowth of an investigation into the homicide of one Donald Hansen. The inquiry resulted in an indictment which was subsequently dismissed, on petitioner's motion, because a witness before the Grand Jury had recanted certain testimony. However, petitioner resubmitted the same matter to another Grand Jury and Redcross was served with a subpoena to testify at that proceeding. When Kelly moved on her behalf to quash the subpoena as untimely, the arguments presented to respondent Dwyer revealed that she possessed relevant information concerning the homicide; was not a target of the investigation; had testified in the earlier proceeding; and would receive immunity for her testimony before the instant Grand Jury. The motion became moot when petitioner served Redcross with another subpoena directing her to appear and testify before the Grand Jury on December 12, 1979. On December 11, 1979, Redcross, represented by Kelly, commenced an action in Federal District Court for damages against Wilcox and others, alleging that she had been illegally confined and otherwise deprived of her constitutional rights during the subject investigation. On the following day, she applied for the appointment of a Special District Attorney under section 701 of the County Law, on the ground that Wilcox and his staff were disqualified from presenting the Hansen case to the Grand Jury in view of the pending Federal action. Wilcox thereafter sought to have Kelly disqualified from representing Redcross in connection with her scheduled appearance before the Grand Jury on allegations that Kelly had gained confidential information about the homicide while serving as an Albany County Assistant District Attorney. Respondent Dwyer entertained both applications and, after hearing somewhat vehement arguments, effectively decided that Redcross should be examined and represented by other attorneys. He thereupon issued the order now challenged by petitioner. While the validity of an appointment under section 701 of the County Law may be tested in a prohibition proceeding (see *Matter of Board of Supervisors of Montgomery County v Aulisi,* 62 AD2d 644, affd 46 NY2d 731), relief will be granted only if it is established that the court which made the designation acted without or in excess of its authority. Since the statute does provide for the temporary replacement of a prosecutor who is "disqualified from acting in a particular case" (County Law, § 701), and since that is the precise ground advanced by Redcross in requesting the appointment of a Special District Attorney, it would ordinarily seem to follow that respondent Dwyer was empowered to make the contested order partially removing petitioner from the normal duties of his office. Even though an error in deciding that the situation warranted petitioner's disqualification would not be correctible through normal appellate processes, intervention by way of prohibition is available only if respondent's action went beyond his authorized powers. We conclude that it did. Although no written decision was issued, respondent's oral comments preceding the order make it plain that he did not pass upon

the merits of Redcross' application. The existence of a potential conflict due to the civil litigation was noted, but respondent made no effort to evaluate the nature of that conflict or, more importantly, to determine whether it justified petitioner's disqualification. Instead, he expressed his concern that the homicide investigation should be allowed to proceed without impairment or future dispute, and indicated his belief that the interests of both Wilcox and Redcross would be best served by the appointment of other attorneys to examine and to represent her before the Grand Jury. Respondent obviously desired to solve this collateral entanglement between the prosecutor and a witness in a manner that would prejudice neither of them, while permitting the investigation to go forward. Despite these commendable motives, however, the statute only sanctions the designation of a Special District Attorney in the event of a prosecutor's actual disqualification. In reasoning as he did, respondent departed from the only possible basis upon which such action could be taken in this matter and, therefore, exceeded his authority. Moreover, even if the merits of the claimed disqualification had been examined, we conclude that the statute would not apply to the circumstances developed on this record. Since Redcross will receive immunity for the evidence she gives to the Grand Jury (CPL art 50; CPL 190.40), the sole criminal charges which could be brought against her are perjury or contempt. There is no reason to believe that this will occur and there is nothing to suggest that the past relationship between the witness and petitioner, whatever it may have been, would have any impact on the disposition of such a prosecution if it did eventuate. Prematurity aside, we do not believe that the statute was designed or intended to allow a mere witness to secure the disqualification of a prosecutor. Its purpose was outlined in *Matter of Board of Supervisors of Montgomery County v Aulisi (supra)* and nothing contained in its history or subsequent application demonstrates that it was meant to supply any protection to one in Redcross' position. The appearance of impropriety might call for the replacement of a District Attorney about to prosecute a *defendant* with whom a conflict exists (compare *People v Shinkle,* 73 AD2d 764 with *People v De Freese,* 71 AD2d 689), but it would contort the statute beyond recognition to interpret it in a fashion that would permit a witness, by commencing a lawsuit, to effect the removal of a duly elected prosecutor. The responsibilities of public prosecution are greater than the private conflicts between individual prosecutors and witnesses. The statute does not purport to deal with those ancillary difficulties, and we decline to give it a strained construction in order to create a possible solution for matters not contemplated by the Legislature when it enacted that provision. Having granted intervenor status to Kelly, and having decided to grant Wilcox' petition, it becomes necessary to examine Kelly's alternative contention that the entire order be vacated. Unlike the statute invoked by respondent Dwyer to appoint a Special District Attorney, his authority to terminate Kelly's representation of Redcross before the Grand Jury must rest on whatever inherent powers a court has to disqualify an attorney in a particular case. While the extent of those powers is uncertain, we need not define them in this proceeding, for respondent did not pass on the merits of the claimed disqualification. As he did with the application involving Wilcox, respondent simply decided that the interests of all concerned would be best served by the appointment of another attorney to represent her. Consequently, although well intentioned, he abandoned the only basis of authority which might conceivably support the order and acted beyond his powers. Accordingly, this branch of the order is also invalid. Motion to intervene granted, without costs; petitions granted, without costs,

to the extent that the order dated December 21, 1979 is vacated. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.