■ In the Matter of ELIZABETH HOLTZMAN, Petitioner, v JULIUS HELLENBRAND et al., Respondents.—Proceeding pursuant to CPLR article 78, inter alia, in the nature of an application for a writ of prohibition, to (1) prohibit the enforcement of an order of the Supreme Court, Kings County, dated November 5, 1986, which appointed the respondent William Booth as a Special District Attorney to investigate certain allegations of criminal conduct, and (2) enjoin the Special District Attorney from undertaking any duties pursuant to said appointment.

Adjudged that the petition is granted, on the law, without costs or disbursements, enforcement of the order dated November 5, 1986, is hereby prohibited, and the respondent Booth is hereby prohibited from undertaking any duties pursuant to that order.

On August 15, 1986, the respondent Joe Higgs was arrested on suspicion of having assaulted one Martin Yates. Based on the investigation conducted by the arresting officer and various representatives of the office of the District Attorney of Kings County, formal charges were brought against Higgs for the crimes of criminal possession of a weapon in the fourth degree and assault in the third degree. That criminal proceeding is currently pending.

Subsequent to the commencement of the criminal proceedings against him, Higgs sought to have criminal charges brought against Yates, the victim of his alleged assault. The attorney from the Legal Aid Society assigned to defend Higgs

spoke to a legal assistant in an office of the District Attorney. The legal assistant informed Higgs' attorney that Higgs' criminal complaint against Yates would not be processed by the District Attorney's office.

The Legal Aid Society, by notice of motion dated September 16, 1986, subsequently requested an order appointing Mr. Higgs' attorney or, in the alternative, another attorney, as a Special District Attorney assigned to investigate Higgs' complaint and, if necessary, to prosecute Yates. An Assistant District Attorney submitted an affirmation in opposition to this motion in which she stated, upon information and belief, that no representative of the District Attorney had ever indicated that Yates could not be prosecuted because of a conflict of interest. The Supreme Court apparently found the foregoing assertion to be insufficient to rebut the movant's assertion that a representation had been made that such a conflict of interest existed.

The Supreme Court (Hellenbrand, J.), by order dated November 5, 1986, granted the application to the extent that the respondent Booth was appointed to investigate Higgs' allegation, and to report and make further application to the court in the event he should determine that prosecution of Yates is warranted. The District Attorney of Kings County then commenced this proceeding in this court (see, CPLR 7804 [b]; 506 [b] [1]), inter alia, seeking vacatur of the foregoing order. For the reasons that follow, the relief requested by the District Attorney should be granted.

First, it is clear that the order of Justice Hellenbrand is reviewable in this collateral proceeding. In *Matter of Schumer v Holtzman* (60 NY2d 46, 54), the Court of Appeals stated that "prohibition is an appropriate remedy to void the improper appointment of a prosecutor when made by a court (see, generally, *Matter of Board of Supervisors v Aulisi,* 62 AD2d 644, affd 46 NY2d 731; *Matter of Wilcox v Dwyer,* 73 AD2d 1016)". Accordingly, the propriety of Justice Hellenbrand's order is a question which is properly before us in this proceeding.

Turning to the merits, we find that the order of Justice Hellenbrand is contrary to the well-settled rule that a District Attorney, who is the officer chosen by the people "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected" (County Law § 700 [1]), is presumed to act impartially *(People v Fielding,* 158 NY 542, 547) and therefore has full discretion

to decide whom to prosecute (see, People v Di Falco, 44 NY2d 482, 486; People v Mackell, 47 AD2d 209, 217, affd 40 NY2d 59; Matter of Murphy v Dwyer, 101 AD2d 376, 378; People v Vial, 132 Misc 2d 5, 9; People v Anonymous, 126 Misc 2d 673, 674; Matter of Hassan v Magistrate's Ct., 20 Misc 2d 509, 512-515, appeal dismissed 10 AD2d 908, cert denied 364 US 844). We agree with our colleagues in the Appellate Division, Third Department, that " 'section 701 of the County Law [which authorizes the appointment of a Special District Attorney] was never intended to permit anything other than transitory relief for an incumbent District Attorney who is prevented by illness, disqualification, or other cause, from carrying out the performance of his normal duties' " (Matter of Murphy v Dwyer, supra, at 378, quoting from Matter of Board of Supervisors v Aulisi, 62 AD2d 644, 648, affd 46 NY2d 731; see also, Matter of Wilcox v Dwyer, 73 AD2d 1016).

The respondent Higgs in this proceeding argues that the rules described above ought not to apply to this particular case, where it is claimed that the refusal of the District Attorney to prosecute Yates stems from the District Attorney's supposed desire to avoid a conflict of interest within her office. This claim is not substantiated by the facts set forth in the moving papers before this court. In view of the District Attorney's broad discretion in determining whether and in what manner to prosecute a suspected offender, the courts will not interfere with the exercise of that discretion absent a showing of abuse.

We need not address, in this proceeding, the question whether the appointment of a Special District Attorney might be warranted in cases similar to this, where the application for such appointment is made by the District Attorney (but see, People v Schiraldi, 93 Misc 2d 343 [holding that there is no conflict of interest where the same District Attorney's office prosecutes two cross complaints for assault arising out of a single incident]; cf., People v Vial, supra). However, where the District Attorney opposes, rather than makes such an application, any order granting such a motion would represent an unwarranted intrusion by the judiciary upon the discretion of the District Attorney. Mollen, P. J., Mangano, Thompson, Bracken and Sullivan, JJ., concur.