OPINION OF THE COURT
Joseph Harris, J.
Defendant moves for dismissal of the indictment upon the ground that the Special Albany County District Attorney appointed by order of this court has failed to take and file the *67 official oath of office as required by section 10 of the Public Officers Law and section 402 of the County Law. Consequently, it is argued that the Office of the Special District Attorney is now vacant pursuant to the provisions of Public Officers Law § 30 (1) (h) and that the present and past acts of the Special Prosecutor are without jurisdiction, rendering the indictment against the defendant invalid.
Defendant places primary reliance on County Law § 402 which provides in pertinent part that "Until the * * * district attorney shall take and file the required oath, he shall not perform any duties of the office, nor be entitled to any compensation.”
The Special District Attorney was appointed by the court to investigate and present evidence of possible criminal acts relating to the defendant pursuant to the provisions of County Law § 701 due to the disqualification of the District Attorney in this particular case. Its purpose is to allow for the temporary replacement of a District Attorney so as to prevent a failure of justice during a brief interval and not to supplant him for any protracted period (see, Board of Supervisors v Aulisi, 62 AD2d 644, affd 46 NY2d 731).
The court finds that a Special District Attorney is not an official required to take and file an oath of office in that the appointment is temporary in nature, limited in scope to the prosecution of one particular case and having no degree of permanency. Moreover, the Office of Special District Attorney as established pursuant to section 701 of the County Law does not directly mandate the Special District Attorney so appointed to take and file an oath, as do the applicable County Law sections relating to District Attorneys and Assistant District Attorneys (County Law §§ 402, 702 [1]).
Assuming, arguendo, that the Office of Special District Attorney constitutes a public office thereby requiring the taking and filing of an official oath, the court finds section 15 of the Public Officers Law controlling, which recites in pertinent part as follows: "If a public officer, duly chosen, has heretofore entered, or shall hereafter enter on the performance of the duties of his office, without taking or filing an official oath, or executing or filing an official undertaking, as required by the constitution, or by any general or special law, his acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed, and as if such undertaking had been duly executed *68 and filed, notwithstanding the provisions of any general or special law declaring any such office vacant, or authorizing it to be declared vacant, or to be filled as in case of vacancy, or imposing any other forfeiture or penalty for omission to take or file any such oath, or to execute or file any such undertaking”.
In view of the foregoing, the defendant’s motion for dismissal of the indictment upon the ground that the Special District Attorney neglected to take and file an official oath of office as prescribed by section 10 of the Public Officers Law is denied!