[675 NYS2d 650]

In the Matter of EDWARD G. CLOKE, as District Attorney of Greene County, Petitioner, v GEORGE J. PULVER, JR., as Judge of the County Court of Greene County, et al., Respondents.

Third Department, July 2, 1998

### APPEARANCES OF COUNSEL

*Bohl, Della Rocca & Dorfman, P. C.,* Albany (*John E. Dorfman* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany (*Peter G. Crary* of counsel), for George J. Pulver, Jr., respondent.

*Ackerman, Wachs & Finton,* Albany (*F. Stanton Ackerman* of counsel), for Melvin Smith, respondent.

### OPINION OF THE COURT

SPAIN, J.

On December 18, 1996, respondent Melvin Smith (hereinafter defendant) was indicted on four charges alleging the sexual abuse of two young female victims as follows: sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree and sexual abuse in the second degree.

In May 1997, at a preliminary conference with respondent Greene County Judge (hereinafter the Judge), petitioner, who is the Greene County District Attorney, and defendant's counsel presented a negotiated plea agreement to the Judge whereby defendant would be allowed to plead to a class D felony and be sentenced to one year in jail in satisfaction of all charges. The Judge rejected the proposed plea/disposition and set a trial date for June 25, 1997. Six days before the scheduled trial petitioner wrote to the Judge and again recommended acceptance of the proposed plea because there were deficiencies in the indictment and in the proof and informed the Judge of his belief that the alternative dismissal or acquittal would not be appropriate. In response, the Judge, *sua sponte,* reviewed the Grand Jury testimony, determined that the deficiencies were not fatal and suggested in a letter that petitioner move to amend or replace the indictment. The record reveals that petitioner never took either of the two courses suggested by the Judge.

Following a conference in chambers on the scheduled trial date, in which the Judge once again refused to accept the proposed plea agreement, the matter was again adjourned after petitioner stated on the record that "we will decline at this time to prosecute the indictment". Following further correspondence, the Judge advised petitioner, in a letter dated July 22, 1997: "The Court is loathe to dismiss this matter on the basis of a 'failure to prosecute' and questions whether that is, even, a valid ground for dismissal of an indictment. The Court awaits either a written motion from the defense, or further elaboration of the reasons why the proposed disposition is appropriate. Absent either, the case must be in due course rescheduled for trial." There being no motions from the defense nor any change in posture by petitioner, a new trial date was eventually set for January 6, 1998.

Petitioner appeared before the Judge on the new trial date and again outlined his concerns with the People's case, including the fact that the crimes were most likely not committed within County Court's jurisdiction, and again informed the Judge that he would not prosecute the indictments. In response, the Judge rendered a decision and order, *sua sponte*, dated January 7, 1998, finding that petitioner did not have unilateral discretion to decline to prosecute an indicted case, that petitioner's conduct could be viewed as dereliction of his duties and stating that he would not dismiss the case for failure to prosecute nor compel petitioner to proceed. Citing his authority to do so under County Law § 701 (1), the Judge then appointed a Special District Attorney after finding that petitioner was "not in attendance" at a term of court which he was required to attend. Petitioner and defendant have each appealed from the order entered upon this decision.

Thereafter, by order dated January 27, 1998, the Judge granted respondent Special District Attorney's request for an adjournment of the trial without setting a new trial date, and continued and extended the Special District Attorney's appointment through September 30, 1999. By order to show cause and petition, petitioner commenced this proceeding pursuant to CPLR article 78 and CPLR 506 (b) (1) seeking a writ of prohibition annulling the Judge's January 7, 1998 and January 27, 1998 orders and enjoining the appointment of the Special District Attorney. This Court subsequently granted petitioner's request for a stay of the Judge's orders pending the within proceeding.

█ While we are mindful of the serious allegations contained in the indictment, the key issues in this proceeding distill to

whether the Judge exceeded his authority by appointing a Special District Attorney pursuant to County Law § 701 (1) and whether relief in the nature of prohibition is appropriate under the facts herein. Petitioner's questionable tactics are likely motivated by his desire to have the Judge assist him in the unpopular task of disposing of a weak indictment, an indictment which petitioner sought and obtained. However "a trial court is not required to accept every offer of a plea merely because the defendant wishes to enter a plea and may reject a plea offer in the exercise of sound judicial discretion" (*People v Washington*, 229 AD2d 726, 727, *lv denied* 88 NY2d 1025; *see, Santobello v New York*, 404 US 257, 262; *North Carolina v Alford*, 400 US 25, 38, n 11; *People v Griffith*, 43 AD2d 20, 23; *see also*, CPL 220.10 [4]). Here, petitioner's failure to seek an amendment or replacement of the indictment and his continued refusal to prosecute the case has frustrated the disposition process and left the Judge with very few options while the speedy trial clock continues to run. However, we are nonetheless constrained to conclude that the Judge did indeed exceed his authority.

■ At the outset, it is our view that prohibition is the "appropriate procedural vehicle for the assertion of petitioner's claim" (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 355). The remedy of prohibition is available to prevent a judicial officer "from proceeding or threatening to proceed without or in excess of [his or her] jurisdiction" (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435; *see, Matter of Pirro v Angiolillo, supra*, at 355; *Matter of Schumer v Holtzman*, 60 NY2d 46, 54). Prohibition does not lie where a Judge clearly has the statutory authority to make a discretionary decision, even where an error of law "however egregious" has been made (*Matter of State of New York v King*, 36 NY2d 59, 62; *see, Matter of Rivette v McGrath*, 241 AD2d 717; *Matter of Dentes v Friedlander*, 167 AD2d 757; *Matter of Kavanagh v Vogt*, 88 AD2d 1049, *affd* 58 NY2d 678). However, where it is claimed that a Judge has exceeded his or her statutory authority, as herein, a CPLR article 78 proceeding seeking prohibition is appropriate (*see, Matter of Premo v Breslin*, 89 NY2d 995; *Matter of Holtzman v Hellenbrand*, 130 AD2d 749, 750, *lv denied* 70 NY2d 607; *Matter of Murphy v Dwyer*, 101 AD2d 376; *Matter of Wilcox v Dwyer*, 73 AD2d 1016, 1017; *Matter of Board of Supervisors v Aulisi*, 62 AD2d 644, *affd* 46 NY2d 731).

■ Moving next to the merits of the proceeding, County Law § 701 (1) provides, in part, that "[w]henever the district at-

torney of any county and such assistants as he or she may have shall not be in attendance at a term of any court of record, which he or she is by law required to attend or are disqualified from acting in a particular case", the Judge may appoint a Special District Attorney. As the Court of Appeals has stated, County Law § 701 was "designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official's responsibility" (*People v Leahy*, 72 NY2d 510, 513) and, further, "[t]his exceptional superseder authority should not be expansively interpreted" (*id.*, at 513-514). It is well settled that "District Attorneys are members of the executive branch of government, constitutional officers charged with the responsibility for prosecuting offenders in the county they represent and possessing broad discretion in determining when and in what manner to do so" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 573; *see, Matter of Schumer v Holtzman, supra*, at 50; *People v Di Falco*, 44 NY2d 482, 486); however, a District Attorney does not possess unfettered discretion over the disposition of an indictment (*see, e.g.*, CPL 220.10 [4]).

This Court has held that "section 701 of the County Law was never intended to permit anything other than transitory relief for an incumbent District Attorney who is prevented by illness, disqualification, or other cause, from carrying out the performance of his [or her] normal duties" (*Matter of Board of Supervisors v Aulisi, supra*, at 648). In our view, the "shall not be in attendance" language was meant to cover an actual absence of the District Attorney from court (*see, Matter of Murphy v Dwyer, supra; Matter of Board of Supervisors v Aulisi, supra*) and not, as here, a situation where the Judge and petitioner have come to a stalemate. A District Attorney may be removed from office by the Governor for misconduct (*see*, NY Const, art XIII, § 13) and the Attorney-General may supersede a District Attorney "[w]henever required by the governor" (Executive Law § 63 [2]); although intervention by the Governor is required, both of these options were available. Notably, the record does not indicate that the Judge pursued these other available options or considered his contempt powers.

We therefore conclude, as we did in *Matter of Board of Supervisors v Aulisi (supra)*, that the solution to the Judge's dilemma "plainly should not entail the appointment of a Special District Attorney by court order through the invocation of a statute never designed to cover [such a] contingency" (*Matter of Board of Supervisors v Aulisi, supra*, at 648). Petitioner's refusal to go forward on the indictment cannot properly be

regarded as the functional equivalent of "not be[ing] in attendance". Accordingly, under the circumstances of this case, the Judge did not have the authority to appoint a Special District Attorney under County Law § 701.

WHITE, J. P., YESAWICH JR., PETERS and GRAFFEO, JJ., concur.

Adjudged that the petition is granted, without costs, and the orders entered January 7, 1998 and January 27, 1998 are vacated.