■ In the Matter of GEORGE M. DENTES, as District Attorney of the County of Tompkins, Petitioner, v BETTY D. FRIED-LANDER, as Judge of the County Court of Tompkins County, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to

CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit implementation of two orders of respondent County Judge of Tompkins County which disqualified petitioner from prosecuting a certain criminal action.

Petitioner, the Tompkins County District Attorney, seeks to restrain enforcement of an order of respondent County Judge of Tompkins County which disqualified petitioner and his staff from prosecuting second degree murder charges leveled against respondent Ernest W. Vann, and appointed a special prosecutor to do so (see, County Law § 701). The circumstance giving rise to the challenged disqualification is the fact that two years earlier a part-time Assistant District Attorney associated with the District Attorney's office, consisting in all of seven attorneys, had, in the course of his private law practice, represented Vann in a visitation matter before Tompkins County Family Court.

This CPLR article 78 proceeding requests the extraordinary remedy of prohibition. Prohibition "does not lie except in narrowly defined situations when the court is clearly exceeding its authorized powers" (Matter of Kavanagh v Vogt, 88 AD2d 1049, affd 58 NY2d 678). The correct standard to be applied in disqualifying a prosecutor is a question of law not reviewable by an article 78 petition in the nature of prohibition (Matter of Kavanagh v Vogt, 58 NY2d 678, 679, supra; contra, Matter of Morgenthau v Crane, 113 AD2d 20, 23).

Petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.