■ In the Matter of ROBERT T. JOHNSON, Petitioner, v JOHN COLLINS et al., Respondents. [620 NYS2d 28] —Petition, pursuant

to CPLR article 78, in the nature of prohibition, which seeks to prohibit enforcement of an order by respondent, Honorable John Collins, appointing Eric Seiff, Esq. as Special District Attorney pursuant to County Law § 701, and to enjoin said Special District Attorney from undertaking any duties in respect of his appointed capacity, unanimously granted, and the order vacated, without costs. The motion (denominated cross motion) to dismiss the petition on the ground that it fails to state a basis upon which relief may be granted is denied, without costs.

This matter arises out of the arrest of respondent Frank Diaz, Judge of the Criminal Court of the City of New York, for assault in the third degree and resisting arrest. Respondent Diaz alleges that the complaining witness, Patricia Roberts, told three Assistant District Attorneys that there was no basis for the assault charges against him; that the charges were then dropped; and that he was subsequently arraigned on the basis of an amended complaint indicating, for the first time, that a police officer had witnessed the alleged assault. Respondent then moved for the subject order on the ground that he intends to call the three Assistant District Attorneys at trial to testify regarding these events and that there is a "substantial risk of an abuse of confidence in the prosecution of Mr. Diaz by the District Attorney's Office in view of the materiality of the testimony of the three Assistant District Attorneys." The motion was granted by respondent Collins on the basis of the testimony to be given, the inference that fabrication of evidence by the police would be raised as a defense to the crimes charged and the status of respondent Diaz as a former Acting Supreme Court Justice before whom the three Assistant District Attorneys may have appeared.

This article 78 proceeding ensued. Respondent Collins submitted a motion to dismiss the petition on the ground that a writ in the nature of prohibition does not lie because the court did not act in excess of its jurisdiction or its authorized powers (CPLR 7803 [2]).

It is well settled that "prohibition is an appropriate remedy to void the improper appointment of a prosecutor when made by a court (see, generally, *Matter of Board of Supervisors v Aulisi*, 62 AD2d 644, affd 46 NY2d 731; *Matter of Wilcox v Dwyer*, 73 AD2d 1016), it will also lie to void an *ultra vires* appointment by the District Attorney" *(Matter of Schumer v Holtzman*, 60 NY2d 46, 54). "The courts, as a general rule, should remove a public prosecutor only to protect a defendant

from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (e.g., *People v Zimmer*, 51 NY2d 390, *supra; People v Shinkle*, 51 NY2d 417, 421) and the appearance of impropriety, standing alone, might not be grounds for disqualification. The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored" *(supra,* at 55).

In his motion for appointment of a Special Prosecutor, respondent Diaz has raised only the inference of impropriety and has not met his burden to establish the likelihood of actual prejudice. He has failed to demonstrate that the anticipated testimony of the three Assistant District Attorneys will be competent and will not constitute mere hearsay bolstering of the contention by Ms. Roberts that there is no basis for the assault charge against him. In any event, we agree with petitioner that the "advocate-witness" rule (Code of Professional Responsibility DR 5-101 [B]; DR 5-102 [22 NYCRR 1200.20 (b); 1200.21]; *see, People v Paperno,* 54 NY2d 294, 299-300), "does not contemplate disqualification of all attorneys in the office of the District Attorney merely because one of them will testify".

Furthermore, it is the People's contention that the police officer was a complaining witness to the original indictment but that, upon their application to convert the complaint into an information, some ambiguity was noted by the court, thus prompting the filing of the second complaint. An assessment of the respective credibility of the police officer and Ms. Roberts is a consideration for the trier of fact and is a question appropriately reserved for trial. As noted in *Matter of Schumer v Holtzman (supra,* at 55), "premature applications are not to be encouraged because they are wasteful and may be employed as delaying tactics." Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.