■ In the Matter of Tara Reina, Petitioner, v Michael V. Coccoma, as County Court Judge, et al., Respondents. [683

NYS2d 312] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from, *inter alia*, any further action against petitioner until such time as a Special District Attorney is appointed.

In August 1997, a felony complaint charging petitioner with the crime of criminal possession of a controlled substance in the third degree was filed in Oneonta City Court in Otsego County. Michael Getman, an attorney then employed by the Public Defender's office, was assigned to represent petitioner. In January 1998, Getman left the Public Defender's office to take a position with the District Attorney's office. In February 1998, defendant's new counsel made application to respondent County Judge pursuant to County Law § 701 to disqualify respondent District Attorney and for the appointment of a Special District Attorney to prosecute petitioner.

The County Judge conducted a hearing at which the following undisputed facts were adduced. During the period of Getman's representation, he met with defendant at the County Jail on "several" occasions. He also participated in plea negotiations with the District Attorney approximately once each month and requested and obtained a pre-plea report and associated documents. Getman's last contact with petitioner was in early December 1997, at which time the criminal action was still pending in Oneonta City Court. After joining the District Attorney's office, Getman was assigned to several local criminal courts within Otsego County (not including Oneonta City Court), where he handled misdemeanor prosecutions exclusively. Getman's only involvement with felony prosecutions came on those occasions when a felony complaint was reduced to a misdemeanor for disposition in one of his local criminal courts. Finally, the District Attorney has been exclusively involved in the prosecution against petitioner and, from the time of Getman's appointment as an Assistant District Attorney, he and the District Attorney have had no communication with one another concerning petitioner's case.

Based upon the foregoing evidence, and noting the absence of any claim or evidence of actual or threatened abuse of confidence or other prejudice to petitioner, the County Judge denied the application. Petitioner then commenced this CPLR article 78 proceeding to prohibit respondents from taking further action in her case until such time as a Special District Attorney is appointed. We conclude, first, that the extraordinary remedy of prohibition will not lie and, second, that petitioner has not sufficiently demonstrated the need for the appointment of a Special District Attorney in any event.

Fundamentally, "[t]he extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" (*La Rocca v Lane*, 37 NY2d 575, 579, *cert denied* 424 US 968), which may be remedied on an appeal from the resulting judgment of conviction (*see, Matter of Rivette v McGrath*, 241 AD2d 717; *Matter of Williams v Shanley*, 138 AD2d 885, 886). As such, a proceeding seeking the remedy of prohibition "does not lie except in narrowly defined situations when the court is clearly exceeding its authorized powers" (*Matter of Kavanagh v Vogt*, 88 AD2d 1049, *affd* 58 NY2d 678; *see, Matter of Rivette v McGrath, supra*; *Matter of Dentes v Friedlander*, 167 AD2d 757, 758) even if an error of law has been made (*see, Matter of Cloke v Pulver*, 243 AD2d 185, 188). As we have previously held, the question of the correct standard to be applied in disqualifying a prosecutor presents a question of law not reviewable by means of a CPLR article 78 proceeding in the nature of prohibition (*Matter of Dentes v Friedlander, supra*, at 758; *see, Matter of Kavanagh v Vogt*, 58 NY2d 678, 679).

Even if we were to address the merits, the result would be no different. Under controlling case law, the absence of actual prejudice arising from a conflict of interest or a substantial risk of an abuse of confidence will justify the denial of a motion to disqualify a District Attorney (*see, People v English*, 88 NY2d 30; *Matter of Schumer v Holtzman*, 60 NY2d 46, 55; *Matter of Kavanagh v Vogt*, 88 AD2d 1049, *supra*).

White, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the petition is dismissed, without costs.