SECOND DEPARTMENT, MARCH, 2000

(March 3, 2000)

■ In the Matter of DENIS DILLON, Petitioner, v PAUL E. KOWTNA, as Judge of the Nassau County Court, et al., Respondents. [704 NYS2d 511] —Proceeding pursuant to CPLR article 78 to prohibit the respondent Paul E. Kowtna, Judge of the County Court, Nassau County, from enforcing an order dated February 4, 2000, which granted a motion by the respondent Michael Fortin to disqualify Assistant District Attorney Robert Biancavilla from representing the petitioner in a criminal action entitled *People v Fortin* under Nassau County Indictment No. 2111N-99.

Adjudged that the petition is granted, without costs or disbursements, and the respondents are prohibited from enforcing the order dated February 4, 2000.

As a general rule, a court should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (*see, Matter of Schumer v Holtzman,* 60 NY2d 46, 55). Here, the defendant in the pending criminal action, the respondent Michael Fortin, failed to offer relevant evidence in admissible form sufficient to substantiate his claim of a conflict of interest and thus, failed to meet his burden of establishing the likelihood of actual prejudice. Accordingly, in granting the motion to disqualify, Judge Kowtna acted in excess of his authority, and the petition must be granted (*see, La Rocca v Lane,* 37 NY2d 575, 578-579, *cert denied* 424 US 968; *Matter of Schumer v Holtzman, supra,* at 51; *Matter of Morgenthau v Altman,* 207 AD2d 685). Ritter, J. P., Santucci, S. Miller and Krausman, JJ., concur.