■ In the Matter of GEORGE M. DENTES, as District Attorney of the County of Tompkins, Petitioner, v JOHN C. ROWLEY, as County Judge of Tompkins County, et al., Respondents. [727 NYS2d 761] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, prohibit respondent County Judge of Tompkins County from enforcing two orders disqualifying petitioner from prosecuting a certain criminal action.

Based on the discovery of cocaine in the pocket of a coat, respondent James Brome was indicted for, *inter alia*, criminal possession of a controlled substance in the first degree. Brome's possession or ownership of the coat proved to be a crucial issue in the prosecution of that charge. Following the first day of trial, at which petitioner personally appeared for the prosecution, an Assistant District Attorney in the presence of petitioner and another Assistant District Attorney discovered a slip of paper in an inside pocket of the coat that indirectly connected the coat to Brome. At the conclusion of the trial, Brome was convicted of all charges. On appeal, however, this Court reversed the convictions for *Rosario* violations and remitted the matter for a new trial (*People v Brome*, 278 AD2d 745).

Before the new trial, Brome moved to disqualify petitioner and for the appointment of a special prosecutor based on the possibility that petitioner may be called as a witness at trial concerning the circumstances surrounding the discovery of the incriminating slip of paper and the chain of custody of the coat. Petitioner agreed not to serve personally as trial counsel at the new trial, but he opposed disqualification of his entire staff of seven assistants. When respondent County Judge (hereinafter respondent) granted Brome's motion, petitioner commenced this proceeding pursuant to CPLR 506 (b) (1) seeking a writ of prohibition that would, *inter alia*, vacate respondent's orders and enjoin the appointment of a special prosecutor. Since we find that respondent had statutory authority to disqualify

petitioner and appoint a special prosecutor, we reject petitioner's application without reaching the merits of the disqualification.

As we have previously recognized, "[t]he remedy of prohibition is available to prevent a judicial officer 'from proceeding or threatening to proceed without or in excess of [his or her] jurisdiction'" (*Matter of Cloke v Pulver*, 243 AD2d 185, 188 [citations omitted], quoting *Matter of Haggerty v Himelein*, 89 NY2d 431, 435). However, County Law § 701 (1) gives superior criminal courts the authority to appoint a Special District Attorney "[w]henever the district attorney of any county and such assistants as he or she may have * * * are disqualified from acting in a particular case," and we have held that "the question of the correct standard to be applied in disqualifying a prosecutor presents a question of law not reviewable by a CPLR article 78 petition in the nature of a prohibition" (*Matter of Reina v Coccoma*, 256 AD2d 988, 990; *compare*, *Matter of Shumer v Holtzman*, 60 NY2d 46, 51-52; *contra*, *Matter of Dillon v Kowtna*, 270 AD2d 219). Since, respondent did not exceed his statutory authority to appoint a special prosecutor and petitioner contends only that respondent improperly applied the standard for disqualification in deciding Brome's application, prohibition does not lie.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the petition is dismissed, without costs.