■ In the Matter of STEPHANIE X. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPART-

MENT OF SOCIAL SERVICES, Appellant; VALERIE X. et al., Respondents. [773 NYS2d 766]—

Mugglin, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 7, 2003, which granted respondent Valerie X.'s motion to disqualify the legal department of petitioner from prosecuting the instant proceeding.

The three children of respondent Valerie X. (hereinafter respondent) have been in the custody of petitioner since 2001 as a result of her admission to a neglect petition. During the original proceeding and at various appearances related thereto, respondent was represented by an attorney from Legal Aid for Broome and Chenango, Inc., Peter De Wind. In March 2003, De Wind was appointed an Assistant Broome County Attorney for the legal unit of petitioner. When petitioner instituted this permanent neglect proceeding, respondent sought disqualification of the entire unit and the appointment of independent counsel to prosecute the matter. Respondent asserted that the legal staff must be disqualified in toto because De Wind, during his representation of her, gained confidential information which he could convey to the attorney assigned to prosecute this matter. After a hearing, Family Court granted the application, concluding that petitioner had failed to rebut the presumption of disqualification by demonstrating that any confidential information possessed by De Wind was unlikely to be material or significant in the current litigation. Petitioner appeals.

It is beyond dispute that De Wind's prior representation of respondent was significant in the proceedings which provide the legal underpinning for the current matter. Further, it is undisputed that petitioner is not the sole entity that has the authority to institute and prosecute a permanent neglect proceeding (see Social Services Law § 384-b). Nevertheless, neither of these facts controls the outcome of the application for disqualification. Instead, the determination of such an application is guided by reference to the Code of Professional Responsibility (see 22 NYCRR part 1200) and consideration of the potential for actual prejudice arising from the conflict of interest or a substantial risk of an abuse of confidence (see People v English, 88 NY2d 30, 33-34 [1996]; Matter of Reina v Coccoma,

256 AD2d 988, 990 [1998]). In the absence of actual prejudice or a substantial risk thereof, the appearance of impropriety alone is not sufficient to require disqualification (*see People v Herr*, 86 NY2d 638, 641 [1995]).

The Code of Professional Responsibility addresses two distinct scenarios in which disqualification may be required. Where an attorney moves from private practice or nongovernmental employment to employment in the public sector, the attorney is disqualified from acting in matters in which he or she participated personally and substantially while in private or nongovernmental practice, unless no other lawyer may be authorized to act in his or her stead (*see* Code of Professional Responsibility DR 9-101 [b] [3] [i] [22 NYCRR 1200.45 (b) (3) (i)]). Notably, in circumstances in which the attorney would be disqualified, this provision does not require the disqualification of all other attorneys employed in the same public sector. In the second circumstance, where an attorney moves from the public sector to private employment, the attorney is disqualified from representing a litigant in a matter in which the attorney personally and substantially participated as a public officer or employee (*see* Code of Professional Responsibility DR 9-101 [b] [1] [22 NYCRR 1200.45 (b) (1)]). Under this provision, the disqualification is imputed to all other attorneys associated in employment with the disqualified attorney unless an effective screen is in place (*see* Code of Professional Responsibility DR 9-101 [b] [1] [i], [ii] [22 NYCRR 1200.45 (b) (1) (i), (ii)]). Although neither of these provisions addresses the precise factual situation here, each provides a yardstick useful in resolving the current matter.

Notwithstanding the ''appearance of impropriety,'' we conclude that disqualification of the entire legal unit of petitioner is not required. Although both provisions of the Code of Professional Responsibility require disqualification of the attorney who has the conflict of interest, disqualification of all associated attorneys is imputed only where the attorney with the conflict moves from the public sector to the private sector. Where the attorney with the conflict of interest moves from the private sector to the public sector, the provision presumes other attorneys are available to litigate the matter and does not preclude them from acting. Here, although petitioner's legal unit is small in number, De Wind is not responsible for the prosecution of the instant proceeding and, prior to his employment, the legal unit implemented screening procedures which effectively insulate De Wind from participation in the prosecution of matters in which he may have a conflict of interest. Fur-

ther, the attorney assigned to prosecute this proceeding has averred that he has had no conversations with De Wind and that De Wind is not in any way involved in neglect matters. Since the record reveals that respondent has failed to demonstrate any actual prejudice or a substantial risk that revealed confidences would be disclosed or used against her in the pending matter, disqualification of the entire legal unit and the appointment of independent counsel is unnecessary.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.