■ In the Matter of NATHALIA P. ADMINISTRATION FOR CHILDREN's SERVICES, Appellant; ANATHALIA P. et al., Respondents. DANIEL P. MOSKOWITZ, Nonparty Respondent. (Proceeding No. 1.) In the Matter of ALEJANDRO R. ADMINISTRATION FOR CHILDREN's SERVICES, Appellant; ANATHALIA P. et al., Respondents. DANIEL P. MOSKOWITZ, Nonparty Respondent. (Proceeding No. 2.) [802 NYS2d 467]—

In related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Richardson, J.), dated January 28, 2005, which (1) relieved its Division of Legal Services from prosecuting the case, (2) appointed an independent counsel to prosecute the case, and (3) permitted the Division of Legal Services to continue to appear and represent its interests in all respects other than the prosecution of the case.

Ordered that the order is reversed, on the law, without costs or disbursements; and it is further,

Ordered that the petitioner shall assign staff attorneys who work outside the County of Queens to prosecute the case.

The Family Court improvidently exercised its discretion in disqualifying all of the attorneys of the petitioner, Administration for Children's Services (hereinafter ACS), Division of Legal Services (hereinafter DLS), from prosecuting this case. A public prosecutor should only be removed upon a showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" and the appearance of impropriety, standing alone, may not require disqualification (*People v English*, 88 NY2d 30, 33-34 [1996] [internal quotation marks omitted]; *see Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *People v McCullough*, 141 AD2d 856, 859 [1988]; *see also People v Herr*, 86 NY2d 638 [1995]). The same standard applies for disqualification of counsel for the petitioner in child protective proceedings (*see Matter of Stephanie X.*, 6 AD3d 778 [2004]; *Matter of Jimmy D.*, 302 AD2d 892 [2003]).

Actual prejudice requiring disqualification of all DLS attorneys does not arise merely because an employee of ACS will testify in favor of the respondent parents (*see Matter of Johnson v Collins*, 210 AD2d 68 [1994]; *cf. People v Gallagher*, 143 AD2d 929 [1988]). While cross-examination of the employee by a DLS attorney might raise the appearance of impropriety, neither the public nor the children will suffer any actual prejudice, and thus disqualification of the entire DLS office was not warranted (*see People v English, supra*; *Matter of Schumer v Holtzman, supra*; *Matter of Stephanie X., supra*; *Matter of Jimmy D., supra*; *Matter of Johnson v Collins, supra*).

The offer by ACS to assign counsel from outside the County of Queens to prosecute this case addresses the concerns raised by the Family Court. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur. [*See* 6 Misc 3d 1023(A), 2005 NY Slip Op 50159(U).]