[928 NYS2d 386]

In the Matter of P. David Soares, as District Attorney of Albany County, Petitioner, v Stephen W. Herrick, as Judge of the County Court of Albany County, Respondent, and Naomi Loomis et al., Respondents.

Third Department, August 4, 2011

## APPEARANCES OF COUNSEL

*P. David Soares, District Attorney*, Albany (*Christopher D. Horn* of counsel), for petitioner.

*Dreyer Boyajian, L.L.P.*, Albany (*William J. Dreyer* of counsel) and *E. Stewart Jones, P.L.L.C.*, Troy (*E. Stewart Jones Jr.* of counsel), for Naomi Loomis and others, respondents.

## OPINION OF THE COURT

PETERS, J.P.

In 2007, petitioner obtained an indictment against respondents Naomi Loomis, Robert Loomis, Kenneth Michael Loomis,

Kirk Calvert and Tony Palladino (hereinafter collectively referred to as the defendants) in connection with the alleged sale of steroids and other prescription drugs over the Internet. When the defendants challenged the indictment against them, respondent County Judge of Albany County (hereinafter respondent) found flaws that led to a series of successive indictments, each dismissed in turn with leave to re-present. After respondent's dismissal of the fourth indictment, this time without leave to re-present, the People appealed. Prior to the perfection of the appeal, the defendants commenced a civil action in federal court in Florida claiming, among other things, that petitioner and his staff had violated their constitutional rights in connection with the investigation and arrests in the criminal case. This Court then modified respondent's dismissal of the fourth indictment by granting the People leave to re-present (*People v Loomis*, 70 AD3d 1199 [2010]).

Soon after a fifth indictment was returned, the federal court determined that petitioner and his staff were not entitled to immunity or summary judgment on certain claims in the civil action. When, in the context of the criminal case, the defendants then challenged the fifth indictment, respondent dismissed it with leave to re-present, but found petitioner and his staff to have a conflict of interest due to their exposure to liability in the civil action. Accordingly, respondent disqualified petitioner and his staff from further prosecution of the case and appointed a Special District Attorney to pursue re-presentation. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to prohibit enforcement of respondent's orders disqualifying him and appointing a Special District Attorney.

■ Our inquiry begins with the well-settled premise that a CPLR article 78 proceeding in the nature of prohibition is the proper vehicle through which to challenge a trial court's disqualification of a district attorney and the appointment of a special district attorney (*see Matter of Schumer v Holtzman*, 60 NY2d 46, 54 [1983]; *Matter of Cloke v Pulver*, 243 AD2d 185, 188 [1998]; *Matter of Wilcox v Dwyer*, 73 AD2d 1016, 1017 [1980]; *Matter of Board of Supervisors of Montgomery County v Aulisi*, 62 AD2d 644, 646 [1978], *affd* 46 NY2d 731 [1978]). The specific question presented here is whether review is permissible by an appellate court, and relief available through a writ of prohibition, where a trial court disqualifies a district attorney and appoints a special district attorney, pursuant to County Law § 701, for the reason that the former is allegedly suffering from a conflict of interest. This Court's jurisprudence has

answered that question in the negative (*see Matter of Dentes v Rowley*, 285 AD2d 804, 805 [2001]; *Matter of Reina v Coccoma*, 256 AD2d 988, 990 [1998]; *Matter of Dentes v Friedlander*, 167 AD2d 757, 758 [1990]; *Matter of Kavanagh v Vogt*, 88 AD2d 1049, 1049 [1982], *affd* 58 NY2d 678 [1982]).[1] However, upon further consideration and analysis, and acknowledging that the First and Second Departments have established a different and, we think, more sound approach (*see Matter of Dillon v Kowtna*, 270 AD2d 219 [2000]; *Matter of Johnson v Collins*, 210 AD2d 68 [1994]; *Matter of Morgenthau v Crane*, 113 AD2d 20 [1985]; *see also Matter of Morgenthau v Altman*, 207 AD2d 685 [1994], *lv denied* 84 NY2d 812 [1995]), we find respondent's action to be reviewable and, on the record before us, that he exceeded his authority in disqualifying petitioner.

In determining whether to exercise its discretion and issue a writ of prohibition, a court must weigh a number of factors, which include the gravity of the harm caused by the act sought to be prohibited, whether the harm can be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity, and the remedial effectiveness of prohibition if such an adequate remedy does not exist (*see Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986]; *Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]). Here, we find the potential harm most grave, in that County Law § 701 vests exceptional authority in the judicial branch to supplant a member of the executive branch who is duly elected and charged with " 'the responsibility for prosecuting offenders in the county [he or she] represent[s] and possessing broad discretion in determining when and in what manner to do so' " (*Matter of Cloke v Pulver*, 243 AD2d at 189, quoting *Matter of Holtzman v Goldman*, 71 NY2d 564, 573 [1988]; *see People v Leahy*, 72 NY2d 510, 513-514 [1988]; *Matter of Schumer v Holtzman*, 60 NY2d at 54-55; *see also Matter of Kavanagh v Vogt*, 88 AD2d at 1050 [Levine, J., dissenting]). Additionally, we are troubled by the fact that, absent substantive review by way of a CPLR article 78 proceeding in the nature of prohibition, a party seeking review of the disqualification of a district attorney and subsequent appointment of a special district attorney pursuant to County Law § 701, other than a criminal defendant, has no recourse at law (*see e.g.* CPL 450.20). Thus, we find it problematic that our Court's jurisprudence has created a situa-

---

1. Although this Court's decision in *Kavanagh* was affirmed by the Court of Appeals, that holding was limited to the question before the Court in that particular case (*Matter of Kavanagh v Vogt*, 58 NY2d 678, 679 [1982]).

tion in which a determination rendered by a trial court in an active criminal matter is beyond review.

Moreover, we believe that substantive review of trial court decisions using the writ of prohibition in this context is consistent with the Court of Appeals' decision in *La Rocca v Lane* (37 NY2d 575 [1975], *cert denied* 424 US 968 [1976]), wherein the Court held that prohibition is appropriate to review whether or not a court has exceeded its authority even in a situation where the court undoubtedly had the discretion to act. In *La Rocca*, the Court held that, while a trial court has the authority to regulate the conduct and appearance of counsel in proceedings before it, that authority is not unlimited and prohibition is available to restrain an inferior court judge from exceeding his or her authority (*id.* at 577). As Chief Judge Breitel taught:

> "[T]here is no sharp line between a court acting in error under substantive or procedural law and a court acting in excess of its powers, if only because every act without jurisdiction or in excess of its powers in a proceeding over which it has jurisdiction of necessity involves an 'error of law'. But the absence of bright lines of demarcation in the law is not unusual; man's language and capacity to conceptualize is not perfect. The fact is that in extreme enough cases the distinction is easily apparent. At one extreme, a trivial error in excess of jurisdiction may be just that, trivial, and hardly worthy of treatment as an excess of power. On the other hand, at the other extreme, a gross abuse of power on its face and in effect may be in reality so serious an excess of power incontrovertibly justifying and requiring summary correction" (*id.* at 580).

For the foregoing reasons, we depart from this Court's prior holdings and find that respondent's action here is reviewable by way of a proceeding in the nature of prohibition to determine whether he exceeded his authority in disqualifying petitioner and appointing a Special District Attorney.

■ Turning to the merits then, we find that respondent, indeed, exceeded his authority. The appearance of impropriety, standing alone, may not cause the disqualification of a district attorney; rather, an objector must "demonstrate actual prejudice or so substantial a risk thereof as could not be ignored" (*Matter of Schumer v Holtzman*, 60 NY2d at 55; *see People v English*, 88 NY2d 30, 33-34 [1996]; *People v Zimmer*, 51 NY2d

390, 393 [1980]; *Matter of Dillon v Kowtna*, 270 AD2d at 219; *Matter of Reina v Coccoma*, 256 AD2d at 990; *Matter of Johnson v Collins*, 210 AD2d at 69-70; *Matter of Morgenthau v Crane*, 113 AD2d at 22-23; *Matter of Wilcox v Dwyer*, 73 AD2d at 1018). This doctrine recognizes that the district attorney is a constitutional officer, chosen by the electors of his or her county to prosecute all crimes and offenses, who enjoys wide latitude and discretion to allocate and use both the staff and resources of the office in a manner believed to be most effective to the discharge of his or her duties (*see* NY Const, art XIII, § 13; County Law § 700 [1]; *Matter of Haggerty v Himelein*, 89 NY2d 431, 436 [1997]; *Matter of Schumer v Holtzman*, 60 NY2d at 54-55; *Matter of Dondi v Jones*, 40 NY2d at 19; *Matter of Cloke v Pulver*, 243 AD2d at 189; *Matter of Murphy v Dwyer*, 101 AD2d 376, 377-378 [1984]). For this reason, the exceptional superceder power of disqualification visited upon the courts, and the attendant separation of powers concerns it engenders, should not be expansively interpreted, but rather narrowly constrained (*see People v Leahy*, 72 NY2d at 513-514; *Matter of Schumer v Holtzman*, 60 NY2d at 54-55; *Matter of Cloke v Pulver*, 243 AD2d at 189; *Matter of Morgenthau v Crane*, 113 AD2d at 23).

Here, citing the civil suit brought by the defendants against petitioner and others, instituted amidst an ongoing criminal action, respondent found a "demonstrable potential for prejudice" and that petitioner had a "personal, professional and financial stake in the outcome of both the civil and criminal cases." In making that finding, respondent placed heavy emphasis on the fact that the defendants' civil suit survived a motion for summary judgment in Florida District Court.

We find it significant that the charges of malicious prosecution in the civil action were dismissed by the District Court and that none of the other charges in that suit implicates petitioner's duties in presenting a case to the grand jury or prosecuting the defendants. In fact, the District Court and the defendants acknowledge that petitioner's acts undertaken in securing the indictments and arrest warrants and preparing for judicial proceedings in the course of his role as an advocate for the People are entitled to absolute immunity. Thus, the only remaining claims against petitioner emanate from accusations of wrongful arrest and defamation. With regard to the former, any subsequent prosecution on a new indictment will have no impact on the resolution of that claim. With regard to the latter, a conviction on some or all of the counts against the defendants

will not necessarily provide an absolute defense to the statements that petitioner is alleged to have made and, in any event, we find that narrow issue to fall far short of demonstrating the "actual prejudice" needed to remove petitioner from prosecution of the case (*compare People v Zimmer*, 51 NY2d at 395-396).

Our prior holding in the criminal case against the defendants further supports this result. In granting leave to the People to re-present the charges against the defendants to the grand jury, this Court acknowledged that "County Court never found any improper motive, attempt to gain an advantage over [the] defendants or any other malfeasance or evidence of bad faith on the part of the People, nor do we perceive any basis in the record for such a finding" (*People v Loomis*, 70 AD3d at 1201-1202).[2] Simply put, we do not find that the defendants have demonstrated that petitioner's continued prosecution of their cases would result in "actual prejudice" (*Matter of Schumer v Holtzman*, 60 NY2d at 55).

Finally, public policy further supports our finding that respondent erred and exceeded his authority in disqualifying petitioner. Acquiescence to a policy by which a criminal defendant, through the simple expedient of commencing a civil lawsuit, may effect the removal of a duly elected district attorney and his or her staff would establish a dangerous precedent that is wholly unwarranted under the circumstances presented here.

ROSE, J. (dissenting). We respectfully dissent. The extraordinary remedy of prohibition "should be available only when a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding" (*Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]). It is not available to correct procedural or substantive errors of law (*see Matter of Dondi v Jones*, 40 NY2d 8, 15 [1976]). In our view, respondent County Judge of Albany County (hereinafter respondent) did not exceed his jurisdiction or authorized powers by disqualifying petitioner, a District Attorney, on the basis of a

---

2. Interestingly, despite our holding to that effect in February 2010, the District Court in its decision filed in June 2010 declined to award summary judgment to petitioner with regard to the unlawful arrest claims, finding that "the presumption normally afforded to a grand jury indictment has been overcome in this case" because the court "*assum[ed]* that the wiretap, other evidence presented to the grand jury, and misleading (if not false or legally impossible) instructions given to the grand jury were presented in bad faith" (*Signature Pharm., Inc. v Soares*, 2010 US Dist LEXIS 64939, *57 n 62 [MD Fla 2010] [emphasis added]).

conflict of interest. Whether that conflict warranted disqualification "is a question of law not reviewable by way of prohibition" (*Matter of Kavanagh v Vogt*, 58 NY2d 678, 679 [1982]). Inasmuch as the Court of Appeals squarely addressed this question in *Kavanagh*, there is nothing novel about petitioner's claim that prohibition should be available here and, accordingly, we would dismiss the petition.

While not necessary to the foregoing analysis, it seems obvious to us that petitioner has a conflict of interest here given his adversarial relationship to respondents Naomi Loomis, Robert Loomis, Kenneth Michael Loomis, Kirk Calvert and Tony Palladino (hereinafter collectively referred to as the defendants) in their pending civil lawsuit (*see People v Zimmer*, 51 NY2d 390, 394-395 [1980]; *see also Young v United States ex rel. Vuitton et Fils S. A.*, 481 US 787, 814 [1987]; *Cowles v Brownell*, 73 NY2d 382, 387 [1989]; *People v La Brake*, 28 NY2d 625, 626-627 [1971]; *Matter of Kavanagh v Vogt*, 88 AD2d 1049, 1049 [1982, Levine, J., dissenting] [noting that a civil adversarial relationship "is no less a possible ground for disqualification than prior representation"], *affd* 58 NY2d 678 [1982]). Although the existence of a conflict may not necessarily require disqualification (*see e.g. People v English*, 88 NY2d 30, 33-34 [1996]), it bears repeating that the issue of the propriety of the disqualification ruling is a question of law not reviewable by way of prohibition (*see Matter of Kavanagh v Vogt*, 58 NY2d at 679).

The majority seems to accept that there is at least a potential for prejudice here, but goes on to determine that there is no actual prejudice arising from the conflict of interest so as to warrant disqualification. To the extent that the cases from the First and Second Departments cited by the majority employ this approach (*see Matter of Dillon v Kowtna*, 270 AD2d 219 [2000]; *Matter of Johnson v Collins*, 210 AD2d 68 [1994]; *Matter of Morgenthau v Altman*, 207 AD2d 685 [1994], *lv denied* 84 NY2d 812 [1995]; *Matter of Morgenthau v Crane*, 113 AD2d 20 [1985]), they ignore *Kavanagh*. Instead, they purport to rely upon *Matter of Schumer v Holtzman* (60 NY2d 46 [1983]) and *La Rocca v Lane* (37 NY2d 575 [1975], *cert denied* 424 US 968 [1976]). *Matter of Schumer v Holtzman* (*supra*), however, does not support the extraordinary remedy of prohibition in this case as it involved a District Attorney acting in excess of her powers by transferring her duties to a Special District Attorney without any statutory authority to do so (*Matter of Schumer v Holtzman*, 60 NY2d at 52-53; *see* County Law §§ 700, 701; Executive Law § 63 [2], [3]). Further, the issue of the District Attorney's

disqualification was premature because she had not yet commenced the criminal prosecution and, therefore, the objector could allege no more than a possible appearance of impropriety (*Matter of Schumer v Holtzman*, 60 NY2d at 56). This case is also unlike *La Rocca v Lane* (*supra*), in which prohibition was found to lie due to an "arguable, substantial, and novel claim that a court has exceeded its powers because of a collision of unquestioned constitutional principles" (*La Rocca v Lane*, 37 NY2d at 581). There is no such collision here. Although petitioner is a constitutional officer (*see* NY Const, art XIII, § 13), his duties are defined by statute (*see* County Law § 700 [1]; *People v Gilmour*, 98 NY2d 126, 130 [2002]; *Matter of Dondi v Jones*, 40 NY2d at 19) and may be infringed upon "when a conflict of interest potentially impairs the prosecutor's obligation to do justice" (*Matter of Sedore v Epstein*, 56 AD3d 60, 68 [2008], citing *People v Shinkle*, 51 NY2d 417 [1980]; *People v Zimmer*, 51 NY2d 390 [1980]).

We would also note that, in determining whether the conflict warrants disqualification here, the majority effectively reviews the merits of respondent's dismissal of the fifth indictment despite the fact that no direct appeal lies from that dismissal (*see* CPL 450.20). The People's ability to appeal is strictly limited to those instances listed in CPL 450.20 (*see People v Laing*, 79 NY2d 166, 170 [1992]), and the majority's approach here will frustrate the statutory limits on review by improperly allowing the writ of prohibition to be used for collateral review of an issue of law in a pending criminal action. As for the majority's concern that petitioner has no other means for review of his disqualification, the appealability or nonappealability of an issue is not dispositive (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 570 [1988]), and prohibition has been found not to lie even though a court's decision might be insulated from appellate review (*see Matter of State of New York v King*, 36 NY2d 59, 62-63 [1975]).

We also disagree with the majority's holding that the appearance of impropriety cannot cause the disqualification of a district attorney. While the Court of Appeals has held that "the appearance of impropriety, standing alone, *might* not be grounds for disqualification" (*Matter of Schumer v Holtzman*, 60 NY2d at 55 [emphasis added]), that statement necessarily implies that the appearance of impropriety *may* be grounds for disqualification. Indeed, in *People v Zimmer* (*supra*), the Court of Appeals dismissed an indictment noting that, even in the absence of

actual prejudice, the prosecutor should have recused himself because of his "personal and financial attachments" to the case (*People v Zimmer*, 51 NY2d at 395). Thus, even if we were to properly reach the merits of the underlying disqualification issue here, we would not disturb respondent's ruling given the inherent conflict presented by the prosecution of a criminal case by a prosecutor who is personally and financially interested in the outcome (*see id.*).

Finally, we disagree with the majority's conclusion that public policy warrants their approach. Meritless lawsuits filed by defendants in an attempt to disqualify prosecutors are unlikely to be successful in achieving such a result. Here, the factual circumstances are unique and the defendants, rather than merely commencing a federal lawsuit, engaged in what appears to be extensive discovery and survived a fully briefed motion for summary judgment before a federal district court judge. In our view, the risk of criminal defendants successfully disqualifying prosecutors based on the mere initiation of a civil lawsuit is slight and does not warrant our departure from settled precedent.

MALONE JR. and GARRY, JJ., concur with PETERS, J.P.; ROSE, J., dissents in a separate opinion in which LAHTINEN, J., concurs.

Adjudged that the petition is granted, without costs, orders dated November 15, 2010 and November 22, 2010 are vacated and respondent County Judge of Albany County is prohibited from taking any action in reliance on said orders.