OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by the Appellate Division, Third Department on January 25, 2000, and currently serves as the District Attorney for Albany County. A petition was filed in the Third Department alleging that respondent engaged in conduct prejudicial to the administration of justice when his office released a public statement criticizing the decision of a judge in a pending criminal matter. Respondent filed an answer admitting the material allegations of the petition and asserting certain legal defenses. The matter was subsequently transferred to this Court by order of the Third Department, entered May 20, 2011. Following that transfer, the parties were afforded an opportunity to file with this Court papers addressing any outstanding legal issues, and respondent thereafter appeared before this Court and submitted matters in mitigation.
Respondent admits that, in 2006, his office commenced an investigation of the alleged illegal sale of prescription medicine to Albany County residents by certain individuals who were operating a pharmacy located in Florida. With respect to that matter, a series of five indictments was handed down by an Albany County grand jury. In September 2008, after the fourth indictment was dismissed and respondent’s office was granted leave to re-present the dismissed indictment, certain of the defendants in the criminal proceeding filed in Florida a civil action against respondent and a member of his staff, as well as the Albany County District Attorney’s Office, asserting claims for unlawful arrest, unlawful conspiracy, defamation and intentional infliction of emotional distress. The civil claims were based on alleged wrongful conduct committed by respondent and his office in prosecuting the Albany County criminal matter. In June 2010, the federal district court presiding over the Florida civil action determined a motion for summary judgment filed by respondent and the other Albany County defendants, denying the motion with respect to virtually all of the claims pending against them in that action.
On November 15, 2010, Albany County Court (Herrick, J.) dismissed the fifth indictment in the criminal proceeding and disqualified respondent’s office from further prosecuting that matter based on a conflict of interest arising from the federal civil action pending in Florida. In disqualifying respondent’s of *244 fice, Judge Herrick noted that the federal civil claims in Florida had survived a motion for summary judgment and that respondent and his office therefore had a “personal, professional and financial stake in the outcome of both the civil and criminal cases.” Pursuant to County Law § 701 (1), Judge Herrick appointed a special district attorney to replace respondent’s office and granted the special district attorney leave to re-present the dismissed indictment. Following the determination of Judge Herrick to replace respondent’s office with a special district attorney and in response to various media inquiries regarding the matter, respondent’s office, on November 15, 2010, sent an electronic message to a newspaper reporter, which stated the following:
“Judge Herrick’s decision is a get-out-of-jail-free card for every criminal defendant in New York State. His message to defendants is: ‘if your DA is being too tough on you, sue him, and you can get a new one.’ The Court’s decision undermines the criminal justice system and the DA’s who represent the interest of the people they serve. We are seeking immediate relief from Judge Herrick’s decision and to close this dangerous loophole that he created.”
On November 16, 2010, respondent’s office forwarded the same electronic message to a reporter with the Associated Press.
The Third Department subsequently reinstated respondent’s office as the prosecutor in the Albany County criminal matter (see Matter of Soares v Herrick, 88 AD3d 148, 154 [2011]), and a federal appellate court subsequently determined that respondent and the other Albany County defendants in the Florida federal civil action were entitled to summary judgment on, inter alia, qualified immunity grounds (see Signature Pharmacy, Inc. v Soares, 448 Fed Appx 917, 922-923 [11th Cir 2011], reh denied 468 Fed Appx 946 [11th Cir 2012]). Nevertheless, we do not consider those subsequent determinations particularly relevant to the legal issues in this proceeding inasmuch as the relevant inquiry here is the reasonableness of respondent’s conduct in November 2010 when his office issued the above-referenced statement.
We conclude that respondent has violated rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) — engaging in conduct that is prejudicial to the administration of justice. Inasmuch as Judge Herrick appointed a special district attorney and granted that prosecutor leave to re-present the dismissed *245 indictment, we conclude that respondent’s statement that Judge Herrick’s determination constituted a “get-out-of-jail-free card for every criminal defendant in New York State” was objectively false. For the same reasons, we conclude that his statement that Judge Herrick created a “dangerous loophole” was reckless and misleading.
We have considered, in determining an appropriate sanction, respondent’s submissions in mitigation, including his expression of remorse and his representation to this Court that he has instituted procedures in his office for review of statements prior to their release to the public. We have also considered, however, respondent’s disciplinary history, which includes two letters of admonition for making improper and prejudicial public statements regarding pending criminal matters. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Centra, J.E, Peradotto, Lindley and Martoche, JJ., concur.
Order of censure entered.