Garry, J.
Appeals (1) from an order of the County Court of *1082 Columbia County (Koweek, J.), entered June 4, 2013, which, among other things, partially granted a motion by the Commissioner of Social Services of Columbia County to quash a subpoena duces tecum, and (2) from an order of said court, entered June 21, 2013, which granted a motion by the Columbia County District Attorney for reconsideration.
In March 2013, the Columbia County District Attorney (hereinafter DA) served a grand jury subpoena duces tecum ordering the Commissioner of Social Services of Columbia County to produce certain documents. The Commissioner moved to quash the subpoena or, in the alternative, to limit its demands. County Court granted the motion in part by limiting the breadth of the subpoena and by ordering the DA to preclude three assistant district attorneys (hereinafter ADAs) from participating in the underlying investigation, and otherwise denied the motion. Upon the DA’s motion for reconsideration, County Court struck the part of the order that had disqualified the ADAs. The Commissioner appeals from both orders.
The subpoena seeks records pertaining to business relationships between the Columbia County Department of Social Services (hereinafter DSS) and two contractors. The Commissioner first contends that, as the subpoena identifies the documents sought in part by reference to services provided to certain named children, Judiciary Law § 17 precludes the DA—who was formerly a Columbia County Judge—from issuing it. This statute prohibits a former judge from “act[ing] as attorney or counsellor in any action, claim, matter, motion or proceeding, which has been before him [or her] in his [or her] official character” (Judiciary Law § 17). The Commissioner asserts that, because the named children were allegedly the subjects of Family Court proceedings pending before the DA in his former role as a judge, the subpoena violates this provision. In this context, however, there is a relevant distinction between the object of the underlying court proceedings and the individuals involved in such proceedings. Notably, although the subpoena does reference named children, it does not appear to directly relate to any court proceedings involving those children; it appears instead, although little detail is provided, to relate to social services provided to the named children by the contractors. Similarly, although DSS was a party to many court proceedings over which the DA presided during his judicial tenure, disqualification is not mandated in the absence of an evidentiary showing that the subpoena addresses any action or court proceeding that was previously before him in his judicial capacity (compare People v Oakley, 104 AD3d 1059, 1059-1060 [2013]; *1083 People v Simmons, 103 AD3d 1027, 1028 [2013], lv denied 21 NY3d 1009 [2013]; Matter of Czajka v Koweek, 100 AD3d 1136, 1139 [2012], lv denied 20 NY3d 857 [2013]).
Next, County Court properly refused to quash the subpoena on the ground that the DA’s involvement in the underlying investigation creates an appearance of impropriety. A district attorney is chosen by the electorate to act in a constitutional role and, as such, the Judiciary’s power to intervene in the exercise of his or her broad prosecutorial discretion “should not be expansively interpreted, hut rather narrowly constrained” (Matter of Soares v Herrick, 88 AD3d 148, 153 [2011], affd 20 NY3d 139 [2012]; see People v Leahy, 72 NY2d 510, 513-514 [1988]). In general, a district attorney may be removed or disqualified only upon a showing of “actual prejudice or so substantial a risk thereof as could not be ignored” (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]). Here, the Commissioner argues that the underlying investigation may have been vindictively provoked by a county report that criticized interactions between DSS and the Columbia County Family Court during the DA’s tenure as a judge, or that unspecified information acquired by the DA in that capacity may be used in the investigation. However, these speculative suggestions are unsupported by record evidence, and the Commissioner has not otherwise shown that actual prejudice or any risk thereof will result from the DA’s involvement.
Further, there has been no showing that the investigation—at least, at its current stage—presents the “rare situation[ ]” in which “the appearance of impropriety itself is a ground for disqualification” (People v Adams, 20 NY3d 608, 612 [2013]). No indictments have been issued, no individuals have been identified who might suffer prejudice from the DA’s involvement, nor do any other objective circumstances give rise to questions as to whether the DA is exercising the discretion of his office in an “evenhanded manner” (id. at 613; compare People v Zimmer, 51 NY2d 390, 394-396 [1980]; People v Shinkle, 51 NY2d 417, 420-421 [1980]). Likewise, at this early stage, there has been no showing that any of the ADAs must be disqualified from participating in the investigation based upon their prior representation of DSS, persons named in the subpoena, or persons who received services from the providers (compare Matter of Schumer v Holtzman, 60 NY2d at 54-56). Accordingly, County Court properly vacated the part of its original order that directed their disqualification.
Lahtinen, J.E, Stein and Rose, JJ., concur.
Ordered that the orders are affirmed, without costs.