Aarons, J.
 

 Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered May 11, 2017, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner’s motion to direct Jefferson County Department of Social Services to prosecute the neglect petition.
 

 Respondent Rachel JJ. (hereinafter the mother) and respondent Jason II. (hereinafter the father) are the parents of four children (born in 2004, 2006, 2013 and 2016). In July 2016, the mother commenced custody proceedings in St. Lawrence County. In connection with those proceedings, the Jefferson County Department of Social Services (hereinafter JCDSS), as a courtesy, agreed to conduct a child protective investigation under Family Ct Act § 1034 into the children’s parents. In the order formally directing JCDSS to do so, Family Court noted that an employee of the St. Lawrence County Department of Social Services (hereinafter SLCDSS) was related to the father. After JCDSS filed its report, petitioner, the attorney for the children, commenced this neglect proceeding against the mother and the father in St. Lawrence County pursuant to an order of Family Court. Petitioner thereafter moved for an order directing either JCDSS or SLCDSS to prosecute the neglect petition. Family Court granted the motion by directing JCDSS to prosecute the neglect petition. JCDSS appeals.
 

 Family Court’s order was premised on the notion that SLCDSS could not prosecute the neglect petition due to a conflict of interest. JCDSS contends that the familial relationship identified by SLCDSS was not a valid conflict of interest so as to warrant the disqualification of SLCDSS. SLCDSS counters that JCDSS had to prosecute the neglect petition to avoid “a clear conflict of interest.” We agree with JCDSS.
 

 In SLCDSS’s papers submitted in response to petitioner’s motion, SLCDSS noted that the father’s sister is a grade A supervisor in its Child Preventive Services Unit and, in light of the neglect petition, the case would be transferred from the Child Protective Unit to the Child Preventive Services Unit. The mere fact, however, that the father’s sister was employed with SLCDSS as a supervisor does not justify disqualifying SLCDSS from prosecuting the neglect petition, especially where SLCDSS does not demonstrate that such fact created actual prejudice or a substantial risk of an abuse of confidence (see Matter of Nathalia P., 22 AD3d 496, 497 [2005]). Moreover, the record discloses that since Family Court’s order, SLCDSS has taken steps to ensure that the father’s sister has no supervisory role in the father’s case. In view of the foregoing, we find that no conflict of interest exists prohibiting SLCDSS from prosecuting the neglect proceeding (see Matter of Richard UU., 56 AD3d 973, 977 [2008]; Matter of Stephanie X, 6 AD3d 778, 779-780 [2004]).
 

 Furthermore, taking into account that the family members reside in St. Lawrence County and the absence of any showing by SLCDSS that it would be prejudiced in acting as the prosecuting agency, Family Court should have directed SLCDSS to prosecute the neglect petition (see generally Social Services Law § 397 [2]; Family Ct Act § 1032; Matter of Johnson v Johnson, 279 AD2d 814, 817 [2001], lv denied 96 NY2d 715 [2001]).
 
 *
 
 In light of our determination, the remaining contentions of JCDSS have been rendered academic.
 

 Peters, P.J., Garry, Clark and Pritzker, JJ., concur.
 

 Ordered that the order is reversed, on the law and the facts, without costs, and St. Lawrence County Department of Social Services is directed to prosecute the subject neglect petition.
 

 *
 

 We note that, although petitioner’s motion sought an order directing that either JCDSS or SLCDSS prosecute the neglect petition, petitioner advocates on appeal that SLCDSS should be the prosecuting agency.